IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PALM BEACH SA, LP, )
)
    Plaintiff, )
)
v. ) Case No. CIV-17-330-D
)
HOUSTON SPECIALTY INSURANCE )
COMPANY, )
)
    Defendant. )

**<u>O R D E R</u>**

Upon examination of the Complaint, the Court finds insufficient allegations to establish the existence of subject matter jurisdiction under 28 U.S.C. § 1332, as asserted by Plaintiff.[1]  Specifically, the Complaint fails to provide necessary facts regarding the citizenship of Plaintiff, which is identified as a limited partnership.  The citizenship of a limited partnership is the citizenship of all partners, including both general partners and limited partners.  *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *see Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 906-07 (10th Cir. 2015) (applying *Carden* to unitholders of Delaware master limited partnership).  The Complaint neither identifies Plaintiff's partners nor alleges their citizenship.  Thus, no factual basis for diversity jurisdiction is apparent.[2]

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500 506 (2006).

[2] With the Complaint, Plaintiff filed a disclosure statement that fails to comply with LCvR7.1.1 in that it also does not identify the partners of the partnership.

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint to sufficiently allege the existence of diversity jurisdiction within 14 days from the date of this Order.

IT IS SO ORDERED this 30th day of March, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE